IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MONROE TRUCK EQUIPMENT, INC.,

                Plaintiff,

ORDER

v.

14-cv-49-jdp

UNIVERSAL TRUCK EQUIPMENT, INC.,

                Defendant.

Defendant, Universal Truck Equipment, Inc., has moved for clarification and reconsideration of the court's Opinion and Order granting summary judgment. Dkt. 194. The court will grant this motion in part to clarify its construction of "trailing link." But the court will not reconsider its grant of summary judgment, and the motion is thus otherwise denied.

A. **Clarification**

As the Opinion and Order said, "The court will adopt plaintiff's construction." Dkt. 192, at 9. Plaintiff had proposed the following construction:

> A connecting structure configured to extend at least partly behind an anchor point in order to transmit pulling force in a direction extending at least partly behind the anchor point.

Dkt. 74, at 16. Defendant, in its motion for clarification, contends that the court did not analyze the part of this construction concerning the transmission of pulling force or the direction of that pulling force. According to defendant, "such analysis was necessary to support the grant of summary judgment." Dkt. 195, at 2.

The court analyzes the issues that are presented to it. Defendant's claim construction argument was directed nearly exclusively to the question of the position of the trailing links. *See* Dkt. 41, at 4-9. Defendant mentioned the pulling force issue in a few scant sentences. *See*

Dkt. 64, at 5; Dkt. 79, at 3. If this aspect of plaintiff's proposed construction mattered to a contested issue, defendant should have developed that argument in its summary judgment briefs. Even now, defendant does not show how this aspect of plaintiff's claim construction would affect the court's decision on infringement or validity. Nevertheless, the court will provide the requested clarification.

The concepts of the "anchor point" and "pulling force" are basic ideas that are implicit in the claimed invention. The court addressed the pulling force concept in the background section and in the discussion of invalidity. The "trailing link" is fundamentally a structural element, whereas the language "in order to transmit pulling force in a direction extending at least partly behind the anchor point" is essentially functional. The court concludes that the functional language is superfluous as part of the construction of "trailing link." A functional limitation is provided elsewhere in the claims, in sub-paragraph E. Accordingly, the court will construe "trailing link" as follows:

> A connecting structure configured to extend at least partly behind the point at which that connecting structure is secured to a plate.

This clarification of the court's construction of "trailing link" does not change the outcome of this case.

## B.  Statement in the specification

Defendant contends that the court failed to consider an express statement of limitation in the specification. Specifically, defendant points to the following:

> The present invention overcomes the aforementioned [diving] problem by providing a trailing link mechanism such that the inboard end and/or the outboard end of the wing plow is supported by a support arm which in turn is supported by trailing links rather than the prior art laterally extending links.

2

'376 patent, at 1:40-45. Defendant contends that because this is a description of "the present invention," the court must regard it as a statement that limits the scope of the claimed invention. This statement does not provide a basis for reconsideration of the court's order for several reasons.

As a preliminary matter, is it worth clarifying two points of law. First, defendant contends that statements in the specification are not subject to the same rigorous disavowal rules that apply to statements made during the prosecution history. Defendant cites no authority for this proposition, and it is wrong. Any expression that would limit the plain language of the claims must be clearly expressed, regardless of whether that putative limitation is in the prosecution history or the specification. *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371-72 (Fed. Cir.), *cert. denied*, 135 S. Ct. 719, (2014) ("Disavowal requires that the specification or prosecution history make clear that the invention does not include a particular feature." (internal quotation and punctuation omitted)).

A second point of clarification. Not every statement invoking the phrase "the present invention" should be taken as an expression of the inventor's intent to limit the scope of his invention. If the specification, read fairly and as a whole, limits the invention in some way, a statement concerning "the present invention" is properly used to construe the claims, sometimes more narrowly than the claim language might otherwise suggest. A case cited by defendant, *Verizon Services Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1308 (Fed. Cir. 2007), provides a good example. But contrary to defendant's suggestion, there is no uniform rule that every reference to "the present invention" should be read as a limitation of the scope of the invention. *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1136 (Fed.

Cir. 2011) (citing cases). Statements about "the present invention" have to be read in the full context of the specification.

Finally, the court turns to the statement in the specification cited in defendant's motion for reconsideration. The question of how the patentees distinguished the lateral links in the prior art was fully addressed by the court in the context of defendant's prosecution history argument. Dkt. 192, at 11-12. The same analysis applies with even greater force to this statement in the specification: the patentees' statements that distinguish the prior art do not rule out trailing links that extend back at an angle.[1] The statement that defendant points to as limiting trailing links to those that extend straight back simply does not express any intent to deviate from the claim language, which describes the trailing concept in terms of the relationship of the pivotal axes.

## C. New evidence

Defendant would also like to adduce new evidence in support of its claim construction argument, particularly an engineering drawing of a Monroe Truck product, submitted to the Patent Office in connection with U.S. Patent Application No. 14/069,800 on December 17, 2014. This is not a basis for reconsideration. Defendant contends that this response was filed after defendant moved for summary judgment. But defendant has not shown any justification for not discovering and presenting this evidence to the court in response to *plaintiff's* motion for summary judgment.

---

[1] Defendant contends that the reference to "prior art" in the specification of the '376 patent would include an engineering drawing of an older Monroe Truck Equipment product that was submitted to the Patent Office on December 17, 2014, in connection with a continuation application. The '376 patent issued on December 3, 2013. Despite the fact that Monroe Truck Equipment may have designed that product in 2009, defendants cannot plausibly argue that a reference to "prior art" during the prosecution of the '376 patent would include art that had not yet been submitted to the Patent Office.

4

Defendant contends that it was not aware of the significance of the December 17, 2014, office action response until its patent attorney (not litigation counsel) got a copy of the engineering drawing on July 29, 2015, from the Patent Office in Virginia. But defendant's litigation counsel could have gotten the prosecution history of the U.S. Patent Application No. 14/069,800 directly from plaintiff through discovery. And indeed defendant concedes that had a copy of the engineering drawing with handwritten annotations on it. The failure of defendant's litigation counsel to appreciate the significance of this drawing provides no basis for this court to reconsider its summary judgment ruling.

## D. Indefiniteness

Defendant also contends that the court's construction of "avoid" renders the asserted claims invalid as indefinite. The court's construction of "avoid" is substantively the same as the one proposed by plaintiff, though phrased somewhat more simply. Defendant cannot legitimately claim surprise at the court's construction. Defendant might have an argument for indefiniteness based on this functional claim limitation. But defendant has waived any challenge to the validity of the asserted claims on the basis of indefiniteness because defendant did not to respond to plaintiff's motion for summary judgment *on this precise point*. Dkt. 74, at 92-95; Dkt. 192, at 21.

ORDER

IT IS ORDERED that defendant's motion, Dkt. 194, is GRANTED in part and DENIED in part, as provided above.

Entered August 7, 2015.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge